## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

MRS. CHRIS M. PENNINGTON, an individual,

    Plaintiff,

        v.                         No. CIV 98-0213 BB/LFG

HORIZON/CMS HEALTHCARE CORPORATION,
a New Mexico Corporation, HORIZON ASSISTED
LIVING, SVC, INC. d/b/a THE VILLAGE AT ALAMEDA,
JANICE C. BECKETT, an individual, and JOHN DOE,

    Defendants.


## MEMORANDUM OPINION

THIS MATTER comes before the Court on Defendants' March 27, 1998 motion to dismiss for failure to state a claim upon which relief may be granted. (Doc. 7)  Having reviewed the submissions of the parties and the relevant law, the Court finds that Defendant's motion should be GRANTED in part and DENIED in part.

### Applicable Standard

In addressing a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6), this Court is required to accept as true all well-pleaded facts alleged in Plaintiff's complaint. See Phelps v. Wichita Eagle-Beacon, 886 F.2d 1262, 1266 (10th Cir. 1989). The Court does not, however, accept conclusory allegations as true. Id. at 1269-70. In determining whether the complaint states a claim, this Court is not limited to the legal theories argued by Plaintiff, but must examine the complaint to determine whether the allegations provide for relief under any theory. See Perington Wholesale, Inc. v. Burger King Corp., 631 F.2d 1369, 1375, fn. 5 (10th Cir. 1980). This

Court will dismiss the complaint, or claims contained in the complaint, only if it appears that Plaintiff can prove no set of facts in support of her claim that would entitle her to relief. Phelps, 886 F.2d at 1266. Also, the Court construes liberally the pleadings of pro se litigants. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir.1991). The Court will state its disposition as to each Count of the Complaint below.

**Counts I and VII:** Defendants did not move to dismiss these counts, and they will therefore remain viable at this stage of the proceedings, except (as discussed below) with respect to Defendant Beckett.

**Counts II, VI, VII, VIII, and IX as to Defendant Beckett:** Plaintiff agrees that these Counts should be dismissed as to Defendant Beckett. Therefore, the Court will order such dismissal.

**Counts XI, XII, and XIII:** Plaintiff also agrees that these Counts should be dismissed, as to all Defendants. The Court will grant the motion to dismiss as to these Counts.

**Counts IX and X as to Defendants Horizon and Assisted Living:** Plaintiff agrees that these Counts should be dismissed as to the corporate Defendants, and such dismissal will be ordered.

**Count II:** This Count is a claim for constructive discharge. Plaintiff lists a number of instances in which she was allegedly screamed at, berated, and otherwise treated unfairly. However, she did not resign her position. Instead, her employment was terminated. For that reason she has no claim for relief under a constructive-discharge theory. See, e.g., Miller v. Texas State Bd. of Barber Examiners, 615 F.2d 650, 652 (5th Cir. 1980) (where plaintiff never resigned, but was fired, normal constructive discharge principles did not fit); Ross v. Double Diamond, Inc., 672 F.Supp. 261, 278 (N.D.Tex. 1987) (plaintiffs did not make out claim of constructive discharge where they were fired and did not resign). Although some of the factual allegations made in connection with this Count may

be relevant to other claims raised by Plaintiff, Count II will be dismissed as it is not legally cognizable under the facts alleged in the Complaint.

      **Count III:**  Plaintiff's claims for invasion of privacy fall under one of two types, giving publicity to a private matter or presenting Plaintiff in a false light.  See Restatement (2d) Torts, §§ 652A-E (1977) (discussing four types of invasion-of-privacy claims); Moore v. Sun Publishing Co., 118 N.M. 375, 383, 881 P.2d 735, 743 (Ct. App. 1994).  Both of these forms of the tort require that the information be disseminated widely, through "publicity".  Restatement, § 652D, Comment a. Disclosing the information to one person or even a few people is not sufficient to satisfy the publicity requirement.  Id.; see also Hanson v. Hancock County Memorial Hosp., 938 F.Supp. 1419, 1437-38 (N.D.Iowa 1996).  The allegations in Plaintiff's complaint are that her urinalysis results were discussed in front of her and "other employees," and that access to her pay records and personal information was allowed to "persons not employed by the Defendant."  There is no allegation that her private information was given wide publicity, or disseminated before more than a few individuals. Therefore, this Count fails to state a claim for invasion of privacy, and will be dismissed.

      **Count IV:**  In response to this Count, Defendants argue that Plaintiff has not specifically identified the content of the alleged defamatory statements or the persons to whom the statements were made.  Plaintiff, in turn, has filed a document titled "Plaintiff's Initial Pretrial Disclosures" containing specific allegations as to the contents of memoranda placed in Plaintiff's employment file, as well as details about other allegedly false statements made about her.  An initial question, therefore, is whether this Court should consider the supplemental pleading in addressing the motion to dismiss. Although authority on the question is sparse, it appears the Court should consider that pleading, especially since Plaintiff is acting *pro se* in this matter.  See, e.g., Imel v. Zohn Mfg. Co., 481 F.2d

181, 185 (10th Cir. 1973) (even where allegations of wrongdoing in complaint were completely conclusionary, plaintiff should be given opportunity to file supplemental pleading clarifying claim).

It is difficult for the Court to analyze the context and possible legal ramifications of many of the factual allegations made in Plaintiff's "Pre-trial Disclosures" because many of those allegations concern documents allegedly placed in Plaintiff's file, and those documents are not before the Court. It does appear that a number of the statements attributed to Defendants are not actionable under a defamation rubric.  For example, statements that Plaintiff was not qualified to be in her position are clearly statements of opinion, not fact, and do not give rise to liability for defamation.  See Andrews v. Stallings, 119 N.M. 478, 482, 892 P.2d 611, 615 (Ct. App. 1995).  Many other statements appear to be taken from the contents of Plaintiff's personnel file and concern Plaintiff's purported failures to adequately perform the duties of her position, and may not be appropriate subjects for a claim of defamation.  See id. (statement is defamatory if it tends to show plaintiff in contemptible or ridiculous light).  At this point, however, it is not completely apparent  that Plaintiff will not be able to prove any set of facts stating a defamation claim.  She does allege that the false statements placed in her file caused her damage by preventing her from winning the grievance that resulted from her termination. Especially since the Court does not yet have the benefit of Defendants' response to the more specific allegations, the Court will not at this time dismiss the defamation claim.  As noted above, however, it is likely that part or all of this Count does not state a proper defamation claim, and the Court will closely scrutinize the matter once more facts have been developed, to ensure that only a viable cause of action for defamation is pursued.

**Count V:**  In order to state a claim for civil conspiracy, Plaintiff was required to allege not only the facts supporting the existence of a conspiracy, but also the damages she suffered as a result

4

of that conspiracy.  See Reeves v. Wimberly, 107 N.M. 231, 235, 755 P.2d 75, 79 (Ct. App. 1988).

Plaintiff alleged that she was deliberately misinformed as to the true corporate entity for which she

would be working.  She does not allege that her job duties, pay, supervisor, or any other condition

of employment would have been different had her corporate employer been Horizon Healthcare rather

than Horizon Assisted Living.  She does allege that she would have been working for a local

corporation rather than one incorporated out of state, but does not explain how she was harmed by

that fact.  In sum, Plaintiff has alleged no practical difference between working for Horizon

Healthcare and working for Horizon Assisted Living, and has therefore failed to state a claim for civil

conspiracy.  This Count will be dismissed.

**Count VI:**  This Count, denominated as a claim for fraud, sets forth two main areas of

complaint.  First, Plaintiff states she was misled into believing she would be employed by Horizon

Healthcare rather than Horizon Assisted Living.  As the Court has already noted above, Plaintiff has

not asserted any damages resulting from the alleged misrepresentation.  For example, one of her

allegations is that she was led to believe she would be working for a company that had a human

resource department in which grievances could be addressed.  Other portions of Plaintiff's Complaint,

however, make it clear that Horizon Assisted Living had such a department and that Plaintiff pursued,

and lost, a grievance following her termination.  This portion of the fraud claim, therefore, is not

viable.

Plaintiff also states that Defendant Beckett made a number of commitments concerning the

conditions under which Plaintiff would be working, including commitments that other staff members

would be available to assist Plaintiff, that Plaintiff would have creative control of the activities

department, and that Plaintiff would be able to grow a garden for the residents.  Subsequently,

according to Plaintiff, Beckett reneged on these promises and seriously interfered with Plaintiff's ability to do her job.  The gist of these allegations is not that Beckett concealed information from Plaintiff or misled her, but that Beckett broke commitments she had made, regarding Plaintiff's future work opportunities and conditions.  Ordinarily, an action for fraud will not lie as to a pattern of conduct based on promises that future events will take place. Register v. Roberson Constr. Co., Inc., 106 N.M. 243, 246, 741 P.2d 1364, 1367 (1987).  None of the exceptions to this rule, discussed in Register, are alleged in Plaintiff's Complaint.  Therefore, the allegations of interference with Plaintiff's performance of her duties, and of promises that were not kept, do not state a cause of action for fraud, and Count VI will be dismissed.  The Court notes, however, that these allegations may be relevant to Count VII, the breach-of-implied-contract claim, which Defendants have not moved to dismiss.

      **Count VIII:**  This claim alleges breach of a separate employment agreement, distinct from the overarching implied contract asserted in Count VII.  Reading the allegations most broadly, however, the Court cannot find such a separate agreement.  Instead, the gist of the allegations is that Plaintiff was given a list of requirements to fulfill in order to keep her job.  That is, she was told that in order to perform her job satisfactorily, she needed to fulfill the requirements set out by her employer.  As Defendants argue, this situation does not create a contract separate from the general employment contract (assuming one exists).  Again, these allegations may be relevant to the breach-of-implied-contract claim set out in Count VII, but they do not state a cause of action separate from that Count.  Therefore, Count VIII will be dismissed.

      **Count IX:**  This Count is similar to Count VI in that Plaintiff alleges Defendant Beckett promised her something, only to later renege on that promise.  Unlike Count VI, however, Plaintiff

in this Count does allege that Beckett was concealing information at the time she made the promise. Beckett allegedly did not disclose the fact that she had no intention of allowing Plaintiff to keep her job, and was setting out the requirements of the job only to make a paper trail to support the subsequent termination of Plaintiff's employment.  As Defendants point out, however, Plaintiff has not alleged that she relied to her detriment on Beckett's promise, by changing her legal position. Such detrimental reliance is a fundamental element of a fraud claim.  See Eoff v. Forrest, 109 N.M. 695, 699, 789 P.2d 1262, 1266 (1990) (elements of common-law fraud include a misrepresentation of fact actually relied on by the other party to his or her detriment).  Plaintiff was already working for Horizon Assisted Living, and continued working there.  She did not allege that she passed up other employment opportunities as a result of Beckett's promises.  Again, her allegations are relevant to a breach-of-contract claim (e.g., if an implied contract did exist requiring that she be terminated for good cause, and she fulfilled the requirements set out by Beckett, that would tend to negate Defendants' assertion of good cause).  They do not, however, state a claim for fraud or misrepresentation, and this Count will be dismissed.

**Count X:**  As Defendants point out, New Mexico does not recognize a separate cause of action for breach of a covenant of good faith and fair dealing, in an employment context.  See Bourgeous v. Horizon Healthcare Corp., 117 N.M. 434, 439, 872 P.2d 852, 857 (1994).  Plaintiff responds by stating she could not find any federal authority refusing to recognize such a cause of action.  This claim, however, is a state-law claim, and as such is governed by New Mexico law. Therefore, this Court is bound by Bourgeous.  Again, Plaintiff's remedy is in her breach-of-implied-contract claim rather than a separate cause of action, and this Count will be dismissed.

**Conclusion**

7

Pursuant to the foregoing, the only Counts remaining to be litigated are Counts I, IV, and VII, against Defendants Horizon Healthcare and Horizon Assisted Living.   These Counts consist of Plaintiff's Fair Labor Standards Act claim, her defamation claim, and her breach-of-implied-contract claim.   All other Counts and claims contained therein will be dismissed.

An Order in accordance with this Memorandum Opinion will issue.

DATED September 4, 1998.


_____
UNITED STATES DISTRICT JUDGE
BRUCE D. BLACK